IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. DKC 26-93 |
| | : | |
| KANYE GREEN | : | |
| | : | |

**MEMORANDUM OPINION**

The Government filed an "appeal" from the April 7, 2026, determination that the Order Setting Conditions of Pretrial Release remain in place and unchanged. (ECF No. 17). On April 7, 2026, Magistrate Judge Chelsea Crawford concluded that the Government had not shown that Mr. Green violated his conditions of release or that there was probable cause to conclude that he committed a new offense and thus declined to alter or revoke conditions of release. The initial release decision had been made on March 25, 2026, and the Government did not seek review at that time. In its supporting memorandum, the Government asserts that the Defendant violated those release conditions and thus should be detained. (ECF Nos. 21, 22).[1] For the following reasons, the release conditions will be confirmed without change.

---

[1] The Government's initial motion for revocation of Defendant's pretrial release was filed under seal with an attached motion to seal the supporting exhibits. (ECF Nos. 21, 21-1). However, no supporting exhibits were attached. Subsequently, the Government filed an amended motion for revocation of Defendant's pretrial

When a person is released by a magistrate judge, the Government may file a motion for revocation of a release order or for amendment of conditions of release under 28 U.S.C. § 3145(a). This is not an appeal; rather the movant is entitled to a *de novo* determination of the release decision.  Subsection (c) provides for appeals under 28 U.S.C. § 1291 or 18 U.S.C. § 3731 and those appeals go to the court of appeals.  And, while the determination must be *de novo*, an oral hearing is not necessary.  The court may rely on the record before the magistrate judge and the written submissions of the parties.  *United States v. Martin*, 447 F.Supp.3d 399, 402-03 (D.Md. 2020).  Here, the Government filed written materials.  Mr. Green did not respond.  Transcripts of the hearings before Judge Crawford are in the record and the undersigned listened to the recordings of those proceedings and has obtained the pretrial services report.

---

release with attached exhibits, again under seal.  (ECF No. 22). Although the Government's initial motion and amended motion for revocation of Defendant's pretrial release were filed under seal, the motion to seal does not request that they be sealed.  Rather, the motion seeks the sealing of the supporting exhibits but lacks tailored reasons for sealing the exhibits and discussion of possible alternatives, such as filing redacted versions.  Thus, the Government's motion to seal will be denied without prejudice to renewal.  If no renewed motion to seal is filed within fourteen (14) days of the date of this Order, the material will be unsealed.

It is not clear whether the Government challenges the initial setting of conditions of release or claims that Mr. Green has violated those conditions and thus should be detained as a sanction, or both.   Regardless, both determinations will be confirmed.

## I.   Background

Mr. Green is charged with possession of a firearm and ammunition by a prohibited person (due to being the subject of a court protective order), possession with intent to distribute cocaine, and possession of a firearm in furtherance of a drug trafficking crime arising from events on October 28, 2025.   Mr. Green was observed by officers standing on the corner wearing a jacket that seemed to "bulge out" due to a "heavy" object inside. Based on his behavior, officers suspected that he was armed and approached him.   They asked whether he had a gun, Mr. Green responded "no" but said he did have "some weed on me."   He pulled out a bag of marijuana.   When he did so, an officer saw the handle of a firearm inside Mr. Green's jacket.   The ensuing pat-down revealed a handgun and Mr. Green was arrested.   A further search revealed vials of cocaine and cocaine base and nearly $900 in currency.

According to the pretrial services report, Mr. Green has lived at his address with his grandmother in Baltimore for 2 years and in the community for his entire life.  He is unemployed, although he has some work history.  His prior criminal history reflects arrests but no convictions.  Magistrate Judge Crawford noted that he has significant family ties, reflected in the number of family and friends in the courtroom on March 25, 2026.

The Government moved for detention based on danger to the community and not primarily based on risk of non-appearance.

Judge Crawford found that the robust release plan presented at the initial detention hearing rebutted the presumption of detention and that there were conditions that could be put in place reasonably to assure the safety of the community.  Notably, a third-party custodian was appointed, with whom Mr. Green will live pending trial.  Mr. Green was released.

On March 30, 2026, Senior Probation Officer Erin Thumma provided a Notice of Apparent Violation/Request for Bail Review Hearing to Magistrate Judge Crawford.  The notice said the Probation Officer had been contacted by the third-party custodian who reported that Mr. Green had not been following the rules of her house, specifically by having people over to visit while she was not home.  At that time, she no longer wished to serve as a

third-party custodian.  When asked, she indicated that the person at her residence was the subject of the protective order.

On April 7, 2026, a hearing was held before Magistrate Judge Crawford.  Mr. Reyes reported that the third-party custodian was again willing to serve that function and proffered that the person at the home was not the subject of the protective order, that his investigator had contacted that person who denied that she was at the home.  He also explained how the initial report had come to be made.  The third-party custodian works.  Her mother went by the house to help keep an eye on Mr. Green and saw a woman there, reported that information to the third-party custodian, who assumed that the woman was the subject of the protective order. The third-party custodian was at the hearing and told Judge Crawford that she and Mr. Green had conversations since he came to her house and he now understands that, while he might not like the rules of her home, he has to abide by them, including that he is not to have anyone there when she is not home.  She explained that she just assumed the woman who had been there was the subject of the protective order but that she doesn't really know who it was.

Given that conflict in the evidence, Judge Crawford ruled that she could not find by clear and convincing evidence that Mr. Green had violated the conditions of supervised release.

In seeking a stay in order to seek this review, the Government sought to present evidence in the form of jail calls and text messages that indicated that, prior to release, Mr. Green and the subject of the protective order had made plans to meet as soon as he was released.  Judge Crawford accepted the proffer but it did not alter the outcome.  Any evidence of their plan came before the detention hearing and before the release order that prohibited contact.  In the nearly three weeks since the hearing on April 7, 2026, there have been no notices of apparent violations.

## II.  Standard of Review

> Pretrial detention and release are governed by the Bail Reform Act ("BRA"), 18 U.S.C. §§ 3141, *et seq.* The government is permitted to seek pretrial detention of a defendant charged with offenses involving the possession of a firearm. *Id.* § 3142(f)(1)(E). In fact, a rebuttable presumption of detention applies to one of the charges lodged against Gallagher: Count Two, an "offense under section 924(c)." *Id.* § 3142 (e)(3)(A) & (B). Where the presumption can be rebutted, the BRA instructs the Court to seek "the least restrictive further condition or conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(c)(1)(B). However, if the Court finds after the hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the court "shall order the detention of the

person before trial." *Id*. § 3142(e)(1). Where, as here, a detention ruling is based on a defendant's danger to the community, the Court must make the finding by clear and convincing evidence. *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (per curiam).

*United States v. Gallagher*, No. 19-cr-0479-SAG, 2020 WL 2614819, at *2 (D.Md. May 22, 2020).  The rebuttable presumption operates as follows:

> [W]hen the defendant is charged with certain crimes there is a presumption in favor of detention. Specifically, the Act creates a rebuttable presumption "that no condition or combination of conditions will reasonably assure . . . the safety of the community if . . . there is probable cause to believe that the person committed" one of an enumerated list of crimes, including sex crimes involving a minor victim. 18 U.S.C. § 3142(e)(3)(E). For purposes of making that determination, "[a] grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged." *Stone*, 608 F.3d at 945; *see United States v. Sheikh*, 994 F.Supp.2d 736, 739 (E.D.N.C. 2014).
>
> Once triggered, "the burden of production shifts to the defendant to come forward with evidence to suggest that the presumption is unwarranted in his or her particular case." *United States v. Boyd*, 484 F. Supp. 2d 486, 488 (E.D.Va. 2007); *see also United States v. Khusanov*, 731 F.App'x 19, 21 (2ᵈ Cir. 2018); *United States v. Taylor*, 289 F. Supp. 3d 55, 63 (D.D.C. 2018). To do so, the defendant must proffer "at least some evidence" or basis to conclude that the case falls "outside 'the congressional paradigm'" giving rise to the

7

> presumption. *Stone*, 608 F.3d at 945-46 (quoting *United States v. Jessup*, 757 F.2d 378, 387 (1st Cir. 1985)). If the defendant offers evidence to counter the presumption, it does not fall out of the picture entirely but rather remains a factor in the court's totality-of-the-circumstances analysis. *See Khusanov*, 731 F.App'x at 21; *Stone*, 608 F.3d at 945; *Taylor*, 289 F.Supp.3d at 64.

*United States v. Lee*, No. 19-cv-159-ELH, 2020 WL 1974881, at *4 (D.Md. Apr. 24, 2020). Pursuant to § 3142(g), the court is to consider the following:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1951, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive or destructive device;
>
> (2) The weight of the evidence against the person;
>
> (3) The history and characteristics of the person, including –
>
> (A) The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) Whether, at the time of the current offense or arrest, the person was on probation, on parole, or other release

pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

If a person is alleged to have violated supervised release, 18 U.S.C. § 3148 provides:

(a) Available sanctions.--A person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court.

(b) Revocation of release.--The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated. The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer--

(1) finds that there is--
    (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
    (B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that--
    (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
    (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

10

## III. Discussion

In this motion for review, the Government relies on the same evidence that was proffered to the magistrate judge.  It points to no evidence of conduct after issuance of the initial release order. Nevertheless, the Government argues that Mr. Green violated the release conditions and should be detained pursuant to 18 U.S.C. § 3148(a).

The undersigned has made a *de novo* determination based on the record before the magistrate judge and the Government's additional evidence and concludes that it has not been shown by clear and convincing evidence that Mr. Green violated the release conditions nor is there probable cause to conclude that he has violated the law.  Although Mr. Green apparently had a visitor at his third-party custodian's home, in contravention of the then insufficiently articulated house rules, the Government only speculates that this person was the subject of the protective order based on the stated intentions prior to his release.  Without more, this is insufficient proof.  Thus, there is no cause to consider the factors set forth in § 3142(g) for purposes of § 3148.

Assuming the Government also challenges the initial release order, the undersigned has, again, reviewed the record and concludes that, despite the presumption, there were, and continue

to be, conditions of release that reasonably assure the safety of the community, including the subject of the protective order.  Mr. Green effectively is isolated at the home of the third-party custodian, who is vigilantly monitoring his behavior.  He has no access to firearms or illegal controlled substances.  Thus, while he is charged with offenses involving guns and drugs based on the observations of police officers and items found on his person, his lack of prior convictions and strong family and community support offset those considerations.  Accordingly, the release order entered by Judge Crawford IS CONFIRMED.

A separate order will follow.

                                          /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge