**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. DKC-26-93** |
| | * | |
| **KANYE GREEN,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | * | |

*******

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION TO CROSS-EXAMINE LAW**
**ENFORCEMENT WITNESS ABOUT PRIOR ALLEGATIONS OF MISCONDUCT**

The United States of America, by counsel, hereby responds to the defense motion to cross-examine a police witness about prior charges of misconduct.

The Court should deny the motion. The suppression motion in this case centers on a particular stop, detention, and arrest of the Defendant, on a particular date. The defense seeks to convert that inquiry of a single matter into a re-trial of multiple past incidents involving a police witness. The prior acts in question are not admissible in the motions hearing. The past acts have no factual connection to this case and are not factually similar to this case. The past instances do not provide any general insight into the witness's trustworthiness or credibility. The past instances do not provide any relevant information about the events of the Defendant's instant offense and arrest. Instead, the past acts are nothing more than an attempt to present inadmissible evidence of character and proclivity.

The focus of the suppression hearing should be on the important Fourth Amendment question presented to the Court: whether the Defendant was properly detained and arrested and the

gun and drugs seized. That question turns on the events of the day of the arrest, not on unrelated acts by a witness dating back approximately two years ago. Importantly, the events of the defendant's encounter were documented on the Officer's body worn camera ("BWC"), making the inquiry into his credibility even less probative than had this matter not been recorded.

## I. PROCEDURAL HISTORY

On March 11, 2026, a grand jury in the District of Maryland returned a three-count Indictment charging the Defendant with Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g)(8), Possession with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 841(a)(1), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime under in violation of 18 U.S.C. § 924(c). ECF No. 1. An Arrest Warrant was issued by United States Magistrate Judge Charles D. Austin on the same day. ECF No. 3. The Defendant was served with the Arrest Warrant on March 23, 2026 and had his initial appearance the same day before United States Magistrate Judge Chelsea J. Crawford. ECF No. 6.

On May 14, 2026 Defense filed a Motion to Suppress and Request for an Evidentiary Hearing. ECF No. 27. On June 26, 2026 the Government filed a Response to Defense's Motion to Suppress (ECF 43) and on July 10, 2026, the defense filed a subsequent reply. ECF 44. A hearing is scheduled for August 4, 2026.

On July 30, 2026, the defense filed a Motion to Cross Examine Officer on Matters Probative of his Character for Truthfulness or Untruthfulness. ECF 47.

The suppression motion involves whether the police actions leading to the recovery of the evidence in this case were proper. Detective Coss Y Leon is one of the police witnesses in this case and shall be called to testify that he observed what he believed to be a violation of Maryland Law- specifically that he observed an individual illegally possessing a firearm. He will further

testify as to a *Terry* pat down he conducted based on armed characteristics displayed by the Defendant.

The defense seeks to cross-examine Detective Coss Y Leon at the motions hearing about a past sustained internal affairs finding and a past *unsustained* internal affairs finding. ECF No. 47. Neither bears any relevance to his truthfulness or his character for trustworthiness. For the reasons outlined below, the defense's motion should be denied.

## II. ARGUMENT

### A. Introduction

A court is not bound by the rules of evidence in the context of a motions hearing. See Fed. R. Evid. 104(a). Yet the defense relies on Federal Rule 608(b) in support of its motion to permit Detective Coss Y Leon to be cross-examined on certain internal affairs matters. As such, the Government will analyze the application of the Federal Rules of Evidence to the admissibility of past internal affairs matters. See, e.g., *United States v. Dickerson*, 166 F.3d 667, 679 n.12 (4th Cir. 1999), rev'd on other grounds 530 U.S. 428 (2000) (holding *Miranda* announced a constitutional rule that Congress could not supersede legislatively, and following the rule of stare decisis, the court declined to overrule *Miranda* itself.). Therefore, the Government will analyze these issues under the Federal Rules of Evidence.

Several provisions of the Federal Rules of Evidence relate to the Defendant's motion. Rule 608(b) addresses cross-examination of witnesses through the use of prior conduct, and provides:

> **Specific Instances of Conduct**. Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
>
> (1) the witness; or

> (2) another witness whose character the witness being cross-examined has testified about.
>
> By testifying on another matter, a witness does not waive any privilege against self-incrimination for testimony that relates only to the witness's character for truthfulness.

More generally, Rule 402 provides that "[r]elevant evidence" is admissible, subject to various level limitations, including the Federal Rules of Evidence. In contrast, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Rule 401 states that evidence is "relevant" if:

> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action.

Also, and as discussed further below, the Federal Rules of Evidence generally prohibit the admission of character or proclivity evidence, except for certain specific purposes. Rule 404 states:

> (a) **Character Evidence**.
>
> (1) Prohibited Uses. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.
>
> ***
>
> (b) **Other Crimes, Wrongs, or Acts**.
>
> (1) Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Finally, the admission of all evidence is subject to Rule 403, which provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing

> the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

In this case, the Federal Rules of Evidence require the exclusion of the past acts evidence proposed by the defense. The evidence is not relevant under Rules 401 and 402 because it is not probative of any issue in this case. In the context of the upcoming motions hearing, the evidence is not probative of the witness' truthfulness nor does it relate to the witness' character for truthfulness. As such, the internal affairs findings (particularly the way the defense intends to use them) would be nothing more than character/proclivity evidence of the sort excluded by Rule 404. Finally, even if some marginal, minimal probative value can be dredged from the internal affairs findings, Rule 403 supports their exclusion as unduly prejudicial, confusing, and wasteful of time.

**B. The Information Is Not Admissible Under Rule 608(b).**

Federal Rule 608(b) permits inquiry into past conduct of a witness, but only if the conduct is "probative of truthfulness or untruthfulness." *Id.* Courts have recognized that not every instance of past misconduct falls within the ambit of Rule 608(b) because not all past misconduct relates to trustworthiness. *See, e.g., United States v. Woodland*, 2018 WL 3546736, at *3 (D. Md. Jul. 24, 2018) (Hazel, J.) (excluding previous judicial finding that witness testimony had been "disingenuous" and stating that Rule 608(b) does not extend to every instance of misconduct); *United States v. Alston*, 626 F.3d 397, 404 (8th Cir. 2010) (affirming the district court's exclusion of findings that an officer "engaged only in ridiculing or taunting a prisoner" due, in part, to the danger of prejudice from introducing "sanctions completely unrelated to the witness'[s] character for truthfulness"); *United States v. Seymour*, 472 F.3d 969, 970 (7th Cir. 2007) (stating that an officer's use of excessive force "was not probative of his truthfulness").

The defense seeks to cross-examine Detective Coss Y Leon about an internal affairs investigation arising out of a call for service on May 3, 2024. The internal investigation resulted

in an unsustained finding on the charge of untruthfulness. He did not fabricate evidence. He did not lie. As detailed below, he expressed his disagreement with a supervisor's order to arrest a female on the scene of a domestic incident, and for that he has a sustained finding for inappropriate workplace conduct – a charge that had nothing to do with fabricating evidence or making a false statement as alleged in the defense's motion. The sustained finding against Detective Coss Y Leon was *not* for false statement, obstruction of an investigation, or anything potentially bearing on trustworthiness. The internal affairs investigation and its findings on their face simply are not the kind of conduct subject to 608(b) inquiry.

The full IAD file contains the findings of Baltimore Police's review of the allegations. The findings are as follows[1]:

[redacted]

[1] See Government's Exhibit 2

[redacted]

The defense is attempting to convert the internal affairs investigation into an instance of dishonesty. Detective Coss Y Leon was not dishonest. He disagreed with an arrest, and allegation that he made a false statement was not sustained. There is no relevance to either finding. Moreover, the defense draws inferences and conclusions from the internal investigation far beyond the actual findings (or lack thereof). As a result, the intended cross-examination will be a waste of time, completely misleading and lead to the kinds of mini trials that courts have warned will result from the untethered use of 608(b) information.

Indeed, the defense's proposed use of the IAD cases poses many of the problems recognized by the Fourth Circuit in *United States v. Custis*, 988 F.2d 1355 (4th Cir. 1993). In *Custis*, the district court granted a motion for a new trial following the indictments of two of the involved police officers for perjury in an unrelated case. *Id.* at 1359. At the time of the motion, the perjury charges were still pending allegations, but the defense argued they were relevant under Rule 608(b). Although the question of the admissibility of the evidence was not squarely at issue in *Custis* (which dealt with a motion for a new trial), the Fourth Circuit reflected on the admissibility issue and noted that the introduction of unproven allegations during a trial would have been "problematic." *Id.* at 1359 n.1. There had not been any allegations in the unrelated case

that the officers tampered with evidence, failed to submit evidence to evidence control, or falsely represented results of chemical analysis. *Id*. Were the information admitted on cross, the Fourth Circuit continued, the government would have been able to elicit whether any misstatements in the other case (a search warrant apparently) were inadvertent or immaterial and to offer rebutting officer character evidence. *Id.* All of this, the *Custis* Court suggested, would likely have triggered a problem of minitrials on the collateral conduct.

In this case, the defense's proposed use of the internal affairs investigation and its findings pose the same challenges. The inferences and conclusions they wish to draw from would be contested, resulting in a potential minitrial on the details of the events surrounding the internal investigation. Allowing such cross-examination will sidetrack the motions hearing from the constitutionality of the stop and arrest of the Defendant to Detective Coss Y Leon's internal affairs investigation.

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court deny the Defendant's motion.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

________/s/_____________________
Kathleen Godwin
Special Assistant United States Attorney
Kim Y. Hagan
Assistant United States Attorney
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201
410-209-4942